■ JANINE E. SALEH, Respondent, v GEORGE S. SALEH, Appellant.—Mahoney, P. J. Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered April 5, 1985 in Albany County, which denied defendant's motion to vacate a default judgment entered against him.

The parties were divorced in 1976 pursuant to a judgment whereby defendant was to pay plaintiff $100 per week as maintenance. Defendant failed to pay the maintenance and plaintiff was required to obtain a court order to enforce the judgment. Defendant paid the $3,400 arrearage required by the order but, according to plaintiff, continued to refuse to make the weekly payments. Defendant alleges that he made payments for about one year after the maintenance order was issued. In any event, plaintiff moved in March 1979 to hold defendant in contempt for his continued refusal to pay support. In April 1979, Special Term transferred the matter to Trial Term. A note of issue was filed on March 21, 1983.

On March 9, 1984, Trial Term ordered the matter to be tried on March 13, 1984 and counsel for both parties were so advised. Defendant's attorney informed Trial Term that he was scheduled to appear in a Massachusetts court on that date. Trial Term advised defendant's attorney to obtain a letter from the Massachusetts Judge verifying his engagement before that court. Defendant's attorney, however, made only perfunctory efforts to contact the Massachusetts Judge and never obtained the documentation sought by Trial Term. On the scheduled trial date, defendant's attorney failed to appear, but sent another attorney for the purposes of delivering an affidavit of actual engagement and requesting an adjournment. Trial Term refused to grant an adjournment and granted plaintiff judgment by default. Almost one year later, defendant, represented by a new attorney, moved to vacate the default. The motion was denied by Special Term and this appeal ensued.

In our view, Special Term properly denied the motion to vacate the default. Initially, we note that the newly enacted Uniform Rules for the Engagement of Counsel now provide an orderly manner for resolving conflicting scheduled court appearances (22 NYCRR part 125 [eff Jan. 6, 1986]). In the instant case, defendant's attorney sought to arrogate to himself the authority to schedule matters before Trial Term. After being advised of a trial date which was inconvenient to him, defendant's attorney sought to unilaterally adjourn the matter by simply refusing to appear. We note that Trial Term offered defendant's attorney the opportunity to present a letter from the Massachusetts Judge confirming the engagement. Defendant's attorney, however, failed to comply. Further, it appears from the affidavit of engagement that defendant's attorney was not scheduled to appear in the Massachusetts court on March 13, but simply had a conference scheduled. Additionally, this litigation had been pending for a number of years and plaintiff had already been forced to go to court once before to enforce the maintenance provision of the divorce judgment. Finally, defendant waited almost one year before moving to vacate the default. With these facts prevailing, it can hardly be said that Special Term abused its discretion in refusing to vacate the default.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.